UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MILRY MONDESTIN,                    )
                                    )
            Petitioner              )
                                    )        Civil Action No.
            v.                      )        04cv12602-MEL
                                    )
JOSEPH MCDONOUGH, ET AL.            )
                                    )
            Respondents             )

SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO DISMISS, AND OPPOSITION TO STAY REQUEST

Respondent[1] responds to the Court's Memorandum and Order
dated January 5, 2005, directing a briefing as to whether
petitioner is eligible for adjustment of status and whether the
Court has jurisdiction over such a "claim".

**ARGUMENT**

I.   PETITIONER IS STATUTORILY INELIGIBLE TO APPLY FOR
     ADJUSTMENT OF STATUS.

Eligibility for adjustment of status to lawful permanent
resident is governed by the provisions of section 245 of the
Immigration and Nationality Act ("INA"), 8 U.S.C. § 1255. That
section restricts general eligibility for adjustment of status
to otherwise eligible aliens who were "inspected and admitted
or paroled into the United States".  Petitioner is statutorily

_____

[1] The responsive official of the Department of Homeland
Security responsible for enforcement of petitioner's removal
order in the instant action is Bruce Chadbourne, Field Office
Director for Detention and Removal, Department of Homeland
Security, Bureau of Immigration and Customs Enforcement ("ICE")
in Boston, Massachusetts. See 28 U.S.C. § 517 (providing for
the appearance of the Department of Justice "to attend to the

ineligible to adjust his status because he is an alien who entered the United States without being inspected and admitted or paroled. <u>See</u> Attachment A to respondent's Return, Memorandum of Law in Support of Motion to Dismiss, and Opposition to Stay Request (Oral Decision of the Immigration Judge, Dated October 14, 1997, p.1).[2]

In addition, because petitioner is subject to a final order of removal entered by the Board of Immigration Appeals on July 22, 2002, any otherwise tenable application for adjustment of status could be made only in removal proceedings. <u>See</u> 8 C.F.R. § 1245.2(a)(1) (2004) (after an alien is placed into removal proceedings, his application for adjustment of status "shall be made and considered only in those proceedings."). In this connection, Congress has prescribed that reopening of a removal order generally be limited to a 90-day window following the entry of a final administrative removal order. <u>See</u> 8 U.S.C. § 1229a(c)(6)(A), (C) (alien may file only one motion to reopen, and such motion "shall be filed within 90 days of the date of entry of a final administrative order of removal."). Petitioner is therefore statutorily ineligible to adjust his

interests of the United States in a suit pending in a court of the United States").

[2] Title 8 U.S.C. § 1255(i) allows even aliens who entered without inspection to apply for adjustment under certain restrictive circumstances if the underlying visa petition was properly filed on or before April 30, 2001. 8 C.F.R. § 1245.10(a)(1)(i)(A). Naturally, petitioner is excluded from this limited eligibility because he was not even married until 2002. Petition, p.2.

status in the United States on the additional basis that petitioner's statutory 90-day window for seeking to reopen his case for the purpose of adjusting his status has long-since expired.

Accordingly, petitioner is statutorily ineligible to adjust his status in the United States.

II.  THE COURT LACKS SUBJECT MATTER JURISDICTION OVER ALL
     ISSUES RAISED BY PETITIONER.

From all that appears on petition, petitioner says no more than that he believes his removal order was based solely on his wife's "excusable neglect in being tardy in submitting an I-130 petition", and that he "objects to his removal by asserting that the excusable neglect in filing his I-130 petition late is a mater [sic] that can be mattered [sic]." Petition, p.1.

Petitioner's point is not altogether clear, but since he does not challenge the determination that he is a removable alien and does not challenge the denial of his asylum application, presumably petitioner means to say that he was ordered removed because he was ineligible to apply for adjustment of status before the Immigration Judge in removal proceedings, and that this ineligibility was as a result of his wife's failure to file a visa petition in his behalf.  See 8 C.F.R. § 1245.1(c)(alien is ineligible to apply for adjustment of status unless s/he is a beneficiary of an unexpired visa petition).

In fact however, whether or not petitioner's wife filed a visa petition, or filed it later rather than sooner, has no bearing on petitioner's ineligibility for adjustment of status: Petitioner's unlawful entry into the United States without being inspected and admitted or paroled renders him statutorily ineligible to adjust his status unless his adjustment is based upon a visa petition filed on or before April 30, 2001; and petitioner was not married until 2002. That petitioner now says that his wife's failure to file a visa petition was "excusable", and that petitioner "objects to his removal" upon this basis makes no sense and adds nothing that could not have been argued before the Board of Immigration Appeals, and the Eleventh Circuit Court of Appeals. Rivera-Martinez v. Ashcroft, 389 F.3d 207, 209 (1st Cir. 2004)(alien who "could have, but did not press [his claim] on statutory direct review" at the Circuit Court of Appeals, had "procedurally defaulted" on his claim so as to make habeas corpus review of that same claim unavailable).

Petitioner's suggestion that any alleged tardiness in the filing of a visa petition by his alleged[3] wife was or is "excusable" is therefore meritless, as petitioner cites no authority for the proposition that the statutory requirement of an immediately available immigrant visa (upon the basis of an

---

[3] The very purpose of a visa petition is to determine *whether* there is a valid marriage within the meaning of the immigration statutes.

approved visa petition) can ever be "excused".  Nor is
petitioner able to overcome the fact that because he entered
the United States without inspection he is statutorily
ineligible to adjust his status upon the basis of a marriage
occurring in 2002.  In the end, petitioner has procedurally
defaulted any claim for judicial review of his removal order by
failing to avail himself of the statutorily prescribed direct
review at the Circuit Court, Rivera-Martinez v. Ashcroft,
supra.

Finally, even if petitioner has not failed to exhaust or
has not procedurally defaulted in his "claim", he fails to
state any claim cognizable in habeas corpus review. Carranza v.
INS, 277 F.3d 65, 71 (1st Cir. 2002) ("[f]ederal courts
therefore retain subject matter jurisdiction over habeas
petitions brought by aliens facing removal to the extent those
petitions are based on colorable claims of legal error, that
is, colorable claims that an alien's statutory or
constitutional rights have been violated."). Petitioner is
plainly ineligible to adjust his status, and he identifies no
legal error in his removal order.

What is more, it is well-settled in this circuit that
there is no constitutional right to remain in the United States
to pursue even a *tenable* application for adjustment of status
-- which is unavailable to petitioner -- in the face of a
deportation or exclusion order. See Silverman v. Rogers, 437

5

F.2d 102, 107 (1st Cir. 1970); <u>Smith v. Immigration and Naturalization Service</u>, 684 F.Supp. 1113, 1118 n.2 (D. Mass 1988); <u>Ansong v. District Director</u>, 596 F. Supp. 882, 888 (D. Me. 1984).

### CONCLUSION

Based on the above and respondent's previously filed memorandum, the Court should vacate its stay, dismiss the petition, and deny all other relief.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:  <u>s/Frank Crowley</u>
FRANK CROWLEY
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
J.F.K. Station
Boston, MA 02114
(617) 565-2415

### CERTIFICATE OF SERVICE

I hereby certify that I caused true copy of the above document to be served upon counsel for petitioner by mail on January 11, 2005.

<u>s/Frank Crowley</u>
FRANK CROWLEY
Special Assistant U.S. Attorney
Department of Homeland Security
P.O. Box 8728
J.F.K. Station
Boston, MA 02114