UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

MILRY MONDESTIN,      )
    Petitioner       )
                     )
V.                    )          CIVIL ACTION #
                     )          04CV12602MEL
JOSEPH McDONOUGH,     )
    ET  AL,          )
    Respondent       )

PETITIONER'S OPPOSITION TO BESPONDENT'S MOTION TO DISMISS
Respondent has moved for dismissal of this action relying on what it apparently believes is petitioner's lack of likelihood of success on the merits. From reviewing respondent's motion, this assertion rests on procedural non-feasance by petitioner, more specifically, his failure to appeal a July 22, 2002 order at the Eleventh Circuit Court of Appeals.

Respondent makes this argument in response to petitioner's motion to stay removal pursuant to AREVALO V. ASHCROFT, 344 F. 3d 1 (1st Cir. 2003). Interestingly, respondent in no way asserts that the four pronged test outlined in AREVALO is inapplicable nor does respondent refute that petitioner has satisfied the second, third and fourth prongs. Respondent simply asserts failure to satisfy the first prong of AREVALO for procedural reasons.

As such, the key question in determining whether to dismiss this case is whether or not the first prong of AREVALO (whether or not the petitioner is likely to succeed on the merits of his underlying objection) contemplated procedural, as opposed to substantive, barriers that would preclude such success.

The government made this exact same argument in a recent case that was appealed in the First Circuit (VIDALIA MARIA RODRIGUES V. THOMAS HODGSON, District Court #04CV11449DPW, U.S.C.A. # 04-2054). The government's argument in that case was that the first prong of ASCHROFT was not satisfied. In that case, the Board of Immigration Appeals had issued a decision adverse to the petitioner in October of 2003 and part of the government's argument was that nearly a year had elapsed prior to petitioner in that case seeking review. The petitioner in RODRIGUES was unsuccessful in the United States District Court but filed within less than 24 hours. On appeal, the motion to stay was allowed due to petitioner's argument that she stood a likelihood of success on the merits of her underlying objection, for SUBSTANTIVE REASONS (emphasis added). It should be noted that in RODRIGUES, the petitioner, of her own

volition, chose to decline pursuit of the stay of removal and eventually chose to return to her native country. This, in no way, changes the legal outcome of her appeal.

In the instant case, petitioner Milry Mondestin has substantive likelihood of success on the merits. His I-130 petition has now been approved (see attached). He has never had the slightest problem with the law, is trained in two eminently employable professions and poses a threat to no one. He has a substantive likelihood of success on the merits and respondent's motion to dismiss should be denied.

MIRLY MONDESTIN,
By his attorney

_____
John Himmelstein
929 Massachusetts Avenue
Suite 01
Cambridge, MA 02139
(617) 868-2533
BBO# 547275

## CERITFICATE OF SERVICE

Undersigned counsel hereby certifies that he has served Opposition to Motion to Dismiss on opposing counsel by mailing copy of same, postage prepaid, to Frank Crowley, Esq., P.O. Box 8728, JFK Station, Boston, MA 02114 on January 11, 2005.

_____
JOHN HIMMELSTEIN, ESQ.