**E N D O R S E M E N T**

MILRY MONDESTIN v. JOSEPH McDONOUGH, et al.,
04-CV-12602-MEL

LASKER, D.J.

Petitioner Milry Mondestin is a native and citizen of Haiti who entered the United States without inspection on October 1, 1996, through Miami, Florida. Following removal proceedings held in Miami, Florida, the Bureau of Immigration Appeals ("BIA") entered a final order of removal on July 22, 2002, which summarily affirmed an immigration judge's decision denying Petitioner's applications for asylum and withholding of deportation.

On December 13, 2004, Petitioner filed a habeas corpus petition seeking a stay of his removal from the United States and a review of the removal order. Subsequently, Respondent filed a motion to dismiss the petition. On January 5, 2005, in order to clarify certain issues raised in the habeas petition, the Court requested supplemental briefs and imposed a stay on Petitioner's removal.

Review of the arguments presented and relevant statutory law makes clear that Petitioner has procedurally defaulted any tenable claims he may have regarding his removal order. The Immigration and Nationality Act requires that for judicial review of orders of removal "[t]he petition for review must be filed not later than 30 days after the date of the final order of removal", and "[t]he petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252 (b)(1) and (2). In the instant case, Petitioner did not seek direct judicial review of the July 22, 2002 BIA final removal order at the Eleventh Circuit Court of Appeals. Rather, Petitioner filed the present habeas petition here in the District of Massachusetts more than two years after the issuance of the BIA's final removal order.

Moreover, in a recent case, which is controlling on this matter, the First Circuit affirmed on procedural default grounds a district court's dismissal of a habeas petition seeking to challenge a removal order. Rivera-Martinez v. Ashcroft, 389 F.3d 207 (1st Cir. 2004). In Rivera-Martinez, the First Circuit affirmed the dismissal finding that this was "a straightforward case of a petitioner attempting to use habeas to resurrect a claim that could have been and should have been presented on

direct review." 389 F.3d at 210. Like petitioner in <u>Rivera-Martinez</u>, the instant Petitioner could have and should have, but did not, seek the statutorily prescribed direct review of his July 22, 2002, final order of removal at the Eleventh Circuit Court of Appeals. Therefore, Petitioner has procedurally defaulted on such review, and thus, any claims he may have had with respect to the appropriateness of his removal order cannot now be raised before this Court.

Consequently, habeas corpus review is unavailable to Petitioner; and since the Court lacks jurisdiction over any issue presented by this matter, the merits of Petitioner's removal order need not be reached.

Accordingly, Respondent's motion to dismiss is GRANTED; Petitioner's habeas corpus petition is DISMISSED; and the stay of removal ordered on January 5, 2005, is VACATED.

It is so ordered.


Dated:     February 1, 2005
           Boston, Massachusetts      /s/ Morris E. Lasker
                                           U.S.D.J.