UNITED STATES DISTRICT COURT
UNITED STATES COURT OF APPEALS
DISTRICT OF MASSACHUSETTS

MILRY MONDESTIN
vs.
JOSEPH McDONOUGH, ET AL

PETITIONER'S NOTICE OF APPEAL

Now comes the petitioner Milry Mondestin and hereby notices both the United States District Court and the United States Court of Appeals that he is appealing the order of the Honorable Judge Morris E. Lasker vacating the stay of petitioner's removal from the United States of America.

Petitioner's counsel hereby states that he, in good faith, previously submitted, by regular mail, a notice of appeal. That submission is not recorded on the court docket sheet. As such, petitioner's counsel respectfully submits this notice of appeal and apologizes for the fact that it is handwritten. It is handwritten due to the time constraints the petitioner is facing and the urgency requiring that this notice of appeal, along with its accompanying motion for stay, be filed immediately.

Petitioner has no criminal record whatsoever, is married to a United States citizen, is currently in custody and poses no threat to our country or any of its citizens. We submit that there is no need to remove petitioner from United States at all, and certainly no urgent need to do so. Petitioner is entitled to a stay of removal pursuant to AREVALO v. ASHCROFT, 344 F.3d 1 (1st Cir. 2003) and his case can be distinguished from RIVERA-MARTINEZ v. ASHCROFT, 389 F.3d 207 (1st Cir. 2004), which we respectfully suggest should not have been applied by

Judge Lasker in his decision.
The four prongs of AREVALO, supra, have been satisfied by petitioner and we discuss each one, as follows:

I. PETITIONER IS LIKELY TO SUCCEED ON THE MERITS OF HIS UNDERLYING OBJECTION

Petitioner's I-589 asylum petition was denied by the Department of Homeland Security despite the deplorable conditions that exist in Haiti. Essentially, he was issued a final removal order in 2002. Petitioner was married at the time to the same woman to whom he is currently married, a United States citizen. It appears that the sole reason for the removal order was petitioner's wife's excusable neglect in being tardy in submitting an I-130 petition. Petitioner has never had the slightest problem with the law, is trained as a male nurse and an auto mechanic and is eminently employable in both fields and also has experience as a security guard in Florida. Not only does he pose no threat whatsoever to the security of the United States, he is in a position to make great contribution if allowed to stay here. We would respectfully assert that a tardy filing of an I-130 petition does not rise to the level of severity that would justify removal. Additionally, it appears that our government agrees with that position in light of the fact that the I-130 petition has now been approved.

II. PETITIONER WILL SUFFER IRREPARABLE HARM ABSENT THE STAY

Clearly, the instant case satisfies this prong. If the stay is not granted, petitioner will be phys-

ically placed on an airplane and removed from the United States of America.

II. THIS HARM OUTWEIGHS ANY POTENTIAL HARM FAIRLY ATTRIBUTABLE TO THE GRANTING OF THE STAY

We see no harm accruing to the respondent if this stay is granted. Petitioner has no criminal record and poses no threat to anyone.

III. THAT THE STAY WOULD NOT DISSERVE THE PUBLIC INTEREST

Petitioner is a 33 year old man who fled the oppressive conditions of Haiti to try to build a better life for himself in the United States. He received certification for Nursing Assistant Training, Automotive Technology, Patrol and Security, Medical Terminology, Engine Sealing and Office Support Technology. Prior to filing his now approved I-130 petition, he married a United States citizen in 2002 and the young couple hopes to start a family. He is highly skilled in two diverse but highly employable fields - nursing and automobile mechanics. He has always conducted himself honorably, obeyed the law and has been a good husband and a reliable worker. He embodies the American dream we all strive to attain. Not only would a stay not disserve the public interest, it would enhance it.

In addition to satisfying the AREVALO test outlined above, petitioner can, we assert, distinguish his case from the RIVERA-MARTINEZ case Judge Lasker cited in his decision. In RIVERA-MARTINEZ, the alien in question did absolutely nothing for

eight months in response to a removal order and committed a heinous and violent crime (rape). In the instant case, petitioner Mondestin did not sleep on his rights, he was simply late in filing an I-130 petition, which was eventually approved anyway.

We assert that, at minimum, a stay be granted short of the government's case against petitioner being dismissed in its entirety.

MILRY MONDESTIN,
By his attorney,

*/s/ John Himmelstein*

John Himmelstein
929 Massachusetts Avenue
Cambridge, MA 02139
(617) 868-2533
BBO # 547275

CERTIFICATE OF SERVICE

Undersigned counsel, swears that hand delivered copies of this document have been submitted to the Trial Attorneys Unit, Room 425, JFK Federal Building, Boston 02203 and to Room 1775 of JFK Federal Building, Boston 02203 on March 9, 2005.

*/s/ John Himmelstein*

JOHN HIMMELSTEIN, ESQ.